# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTONDIVISION

| | | |
|---|---|---|
| STORMI HARDY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. __:___-cv-____ |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, | § | JURY TRIAL DEMANDED |
| LLC, | § | |
| Defendant. | § | |

---

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S
## INDEX OF MATTERS BEING FILED

---

Pursuant to Federal Rule of Civil Procedure 81, Defendant FAMILY DOLLAR STORES OF TEXAS, LLC hereby attaches this Index of Matters Being Filed to its Notice of Removal.

**Exhibit 1:**     All Executed Process:

- Executed Return of Service on Family Dollar Stores of Texas, LLC served on April 7, 2021.

**Exhibit 2:**     All State Court Pleadings:

- Plaintiff's Original Petition and Discovery Request, filed on March 29, 2021;
- Defendant Family Dollar Stores of Texas, LLC's Original Answer to Plaintiff's Original Petition filed on April 26, 2021.

**Exhibit 3:**     State Court Docket Sheet

**Exhibit 4:**     List of all counsel of record, including addresses, telephone numbers, and parties represented.

# EXHIBIT 1

*(All Executed Service of Process)*

4/9/2021 9:35 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52295509
By: Brenda Espinoza
Filed: 4/9/2021 9:35 AM

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Harris**                    **80th Judicial District Court**

Case Number: 2021-18078

Plaintiff:
**STORMI HARDY**

vs.

Defendant:
**FAMILY DOLLAR STORIES OF TEXAS, LLC**

Received by STINNETT PROCESS, LLC on the 5th day of April, 2021 at 11:05 am to be served on **Family Dollar Stores of Texas LLC (Limited Liability Company) c/o R/A: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701**.

I, Barbara C. Stinnett, being duly sworn, depose and say that on the **7th day of April, 2021** at **11:08 am, I:**

Delivered a true copy of the **Citation, Plaintiff's Original Petition** with the date of service endorsed thereon by me, to **Family Dollar Stores of Texas LLC (Limited Liability Company) c/o R/A: Corporation Service Company**, by delivering to its designated agent, **John Spidel**, at the address of **211 East 7th Street, Suite 620, Austin, TX 78701, Travis County,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

State of _Texas_, County of _Travis_

Subscribed and Sworn to before me on the _07_
day of _April_, _2021_ by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022

_____
**Barbara C. Stinnett**
PSC-1181; Exp: 07/31/2022

**STINNETT PROCESS, LLC**
**15511 HWY 71 WEST**
**STE. 110-143**
**BEE CAVE, TX 78738**
**(512) 797-3399**

Our Job Serial Number: SNN-2021000575
Ref: 2021.04.548292

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1u

# EXHIBIT 2

*(All State Court Pleadings)*

3/27/2021 11:05 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51897113
By: Marcella Hill
Filed: 3/29/2021 12:00 AM

NO. **2021-18078**

| | | |
|---|---|---|
| STORMI HARDY | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| FAMILY DOLLAR STORES | § | |
| OF TEXAS, LLC | § | **80** JUDICIAL DISTRICT |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES STORMI HARDY, Plaintiff, complaining of FAMILY DOLLAR STORES OF TEXAS, LLC, Defendant, and for cause would show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1    Plaintiff advised the Court and Defendant that this cause of action is governed by the rules for Expedited Actions under Texas Rules of Civil Procedure Rule 169.  Discovery is intended to be conducted under level 1 of Rule 190.2 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

-1-

2.1     Plaintiff, STORMI HARDY is, and was at all times material hereto, a resident of Harris County, Texas.

2.2     Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC is a limited liability company doing business in the State of Texas for the purpose of accumulating profits, and can be served by serving its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever the registered agent may be found.

### III.
### JURISDICTION AND VENUE

3.1     The Court has subject-matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

3.2     Venue is proper in Harris County pursuant to subsection 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

### IV.
### FACTS

4.1     On or about July 11, 2020, Plaintiff was an invitee at Defendant's store located at 14445 Cullen Blvd., Houston, Harris County, Texas 77047.  Plaintiff was at the store to shop and was therefore an invitee.

4.2     As Plaintiff was shopping within the store, she slipped and fell after stepping on a liquid substance left there by a store employee. While Plaintiff was shopping, she was looking at the Defendant's merchandise and making sure not to run into other customers or product displays. Plaintiff did not know that the liquid in Defendant's store was on the floor that she was walking on, as there were no warning signs present.

4.3     Clearly, at least one of Defendant's employees was aware of the dangerous condition as it was an obvious an employee had left it there. Despite this knowledge, Defendant neither made the area safe nor warned invitees, such as Plaintiff of the dangerous condition on the floor.

**V.**
**THEORIES OF RECOVERY**

Premises Liability

5.1     Recovery against Defendant is justified under the common law theory of premises liability.

5.2     Plaintiff was an invitee.

5.3     Defendant was the occupier and/or possessor of the subject premises.

5.4     The condition of the premises posed an unreasonable risk of harm to Plaintiff. On the occasion in question, Defendant failed to maintain the area in question in a safe manner.  Specifically, Defendant knew, or should have known, that the specified

area of the floor was wet and was likely to cause its customers to slip and fall.  In fact, at least one of Defendant's employees was aware of the dangerous condition as they had left it there. Additionally, Defendant failed to either adequately warn the Plaintiff or make safe the area where the incident occurred.

5.5     Defendant's lack of care proximately caused Plaintiff's injuries.

## VI.
## DAMAGES

6.1     As a direct result of the negligent acts and omissions of the Defendant, Plaintiff has suffered, and will suffer, numerous and serious injuries, including, but not limited to:

  a.     Medical expenses in the past;

  b.     Medical expenses in the future;

  c.     Pain and suffering in the past;

  d.     Pain and suffering in the future;

  e.     Mental anguish in the past; and,

  f.     Mental anguish in the future;

  g.     Lost wages/income in the past and future.

Plaintiff sues for actual and special damages.  However, Plaintiff reserves the right to introduce at trial amendment to conform to the evidence adduced at trial and determined by the judge to fairly compensate Plaintiff for the suffered damages.

## VII.
## <u>COURT COSTS</u>

7.1   Plaintiff requests that she recover from the Defendant all costs incurred pursuant to Rule 131, Tex.R.Civ.P.

## VIII.
## <u>PRE- AND POST-JUDGMENT INTEREST</u>

8.1   Plaintiff requests she be granted pre-judgment interest at the maximum rate allowed by law per year, commencing on the 30th day from and after the sum is due and payable, until date of judgment; together with post-judgment interest at the maximum rate allowed by law from date of judgment until the judgment has been paid in full.

## IX.
## <u>CONDITIONS PRECEDENT</u>

9.1   All conditions precedent to Plaintiff's right to bring this action and to recover the suffered damages and to Defendant's liability have been performed or have occurred.

## X.
## <u>ADOPTION BY REFERENCE</u>

10.1   Except as otherwise expressly set forth or implied by context, all statements set forth in each paragraph of this pleading are adopted by reference and incorporated into each and every other section and paragraph of this pleading to afford

Plaintiff the maximum recovery for relief and for purposes of providing fair notice of Plaintiff's allegations.

## XI.
## MAXIMUM RECOVERY SOUGHT

11.1    Pursuant to the Texas Rules of Civil Procedure, Rule 47, Plaintiff seeks monetary relief of $74,999 or less.

## XII.
## INITIAL DISCLOSURES

12.1    Pursuant to Rule 194.1(a) of the Texas Rules of Civil Procedure, Defendant(s) must disclose, within thirty days of filing an answer or general appearance, the information and materials described in Texas Rules of Civil Procedure 194.2, 194.3, and 194.4.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, prays that Defendant be cited to appear and answer herein; that Plaintiff be awarded actual and special damages in a sum to be specified by the trier of fact; that Plaintiff be awarded expenses and costs of court; that Plaintiff be granted pre- and post-judgment interest as provided by law; and that Plaintiff receive such other and further relief, general or special, legal or equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PM LAW FIRM**


 /s/ John Papapavlou
John Papapavlou
Texas Bar No. 24059061
Porya Mostaghimi
Texas Bar No. 24065797
PM Law Firm
19333 Highway 59, N., Ste. 190
Humble, Texas 77338
(281) 968-9529
(281) 520-4246
john@pmtxlaw.com

ATTORNEYS FOR PLAINTIFF

4/29/2021 8:23 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52935380
By: Kevin Childs
Filed: 4/29/2021 8:23 AM

NO. 2021-18078

| | | |
|---|---|---|
| STORMI HARDY, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| FAMILY DOLLAR STORES OF | § | |
| TEXAS, LLC | § | |
| | § | |
| *Defendant.* | § | 80th JUDICIAL DISTRICT |

**DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S ORIGINAL ANSWER**

## I.    GENERAL DENIAL

1.    Defendant denies each and every, all and singular, material allegations contained within Plaintiffs' pleadings and any amendments or supplements thereto and demands strict proof thereof.

## II.    INFERENTIAL REBUTTAL INSTRUCTIONS

2.    Defendant assert the following by way of inferential rebuttal and requests that the Court instruct the jury as follows:

   a.    **New and Independent Cause / Superseding Intervening Cause**. The alleged damages in question as set forth in Plaintiff's Statement were caused, in whole or in part, by an act or omission of a separate and independent agency, not reasonably foreseeable to the Defendant, that destroyed any causal connection between the alleged acts or omissions of the Defendant and the injury complained of thus becoming an intervening, superseding cause of the incident and/or alleged injuries.

   b.    **Sole Proximate Cause**. The act(s) or omission(s) of another person, including the Plaintiff or another entity was the sole cause of the damages alleged by the Plaintiff in the Statement.

c.  **Prior and/or Subsequent Injuries/Conditions**. Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences. Also, Plaintiff's claims of injuries and damages are the result in whole or in part of pre-existing conditions, injuries, diseases, illnesses, and disabilities and not the result of any act or omission on the part of the Defendant.

## III.  AFFIRMATIVE DEFENSES

3.  By way of affirmative defense, pleading in the alternative and without waiving the foregoing general denial:

a.  **Comparative Negligence-Responsibility.**  Defendant would show that the negligence of the Plaintiff and one or more third parties and/or one or more Co-Defendant was/were the sole, or a partial, proximate cause of the accident and the injuries and damages alleged by Plaintiff. Because of Plaintiff's negligence, Plaintiff is barred, in whole or in part, from a recovery of damages from Defendant. Also, pursuant to Ch. 33, Texas Civil Practice and Remedies Code, Defendant invokes the doctrine of comparative responsibility and would further show Defendant is entitled to an issue submitted to the jury on the comparative responsibility of Plaintiff and/or any third party and/or any Co-Defendant who caused, contributed or was responsible for the injuries and damages alleged by Plaintiff.

b.  **Responsible Third Parties.**  Pleading further and in the alternative, without waiving the foregoing, Defendant asserts the occurrence in question and/or the alleged damages were proximately and/or producing caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties, persons, or entities over whom Defendant has no right of control nor for whom Defendant is legally responsible. Furthermore, to the extent the acts and/or omissions for which Plaintiff complains were committed by persons subject to Defendant's supervision and control, Plaintiff's claims

are barred against Defendant, in whole or in part, because said persons acted beyond the scope of their authority to act on behalf of Defendant. Also, regarding other parties' causation of Plaintiff's injuries, Defendant's liability must be reduced, and if Defendant are found to be jointly and severally liable, Defendant is are entitled to a judgment for contribution from these other parties.

c.    **Failure to Mitigate**.   Plaintiff failed, either in whole or in part, to mitigate damages as required under applicable law. Any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has failed to take the reasonable steps that a person of ordinary prudence in the same or similar situation would have taken to avoid the damages claimed in this lawsuit.

d.    **Paid-or-Incurred Medical-Expense Limitation**. Plaintiff's recovery of medical or health care expenses be limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to § 41.0105 of the Tex. Civ. Prac. & Rem. Code.

e.    **Failure to Submit Medical Bills to Medical-Insurance Provider.** Plaintiff's claims for medical expenses are barred by the provisions of § 146, et seq of the Tex. Civ. Prac. & Rem. Code, to the extent that Plaintiff is covered by medical insurance and medical providers have refused to submit the medical bills to the medical insurance provider. Tex. Civ. Prac. & Rem. Code § 146.003.

f.    **Credit/Offset**. Defendant is entitled to a credit or offset for all monies or consideration paid to or on behalf of the Plaintiff by virtue of any type or form of settlement agreement entered into by and between the Plaintiff, payments made to and on behalf of the Plaintiff under Defendant's Work Injury Benefit Plan, and any settling person, responsible third-party or any other person or entity not a party to this lawsuit. Defendant claims and is entitled to all lawful settlements, credits and offsets including but not limited to those set forth in Tex. Civ. Prac. & Rem. Code §33.012 and

§41.0105. Thus, Defendant assert the affirmative defenses of offset, credit, payment, release, and accord and satisfaction to the extent applicable as provided under Texas Rule of Civil Procedure 94.

g.   **Loss of Earnings / Loss of Earning Capacity—Post-Tax-Payments/Liability.** Pursuant to Tex. Civ. Prac. & Rem. Code § 18.091, Plaintiff must prove his alleged loss of earnings and/or loss of earning capacity in a form that represents their net loss after reduction for income tax payments or unpaid tax liability. Also, Defendant request the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal and state income taxes.

h.   **Reservation of Rights.** Defendant hereby gives notice Defendant intends to rely on such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserve the right to amend its Answer to assert such defenses.

## IV.   TEX. R. CIV. P.193.7 NOTICE

4.   Pursuant to Tex. R. Civ. P. 193.7, Defendant hereby gives actual notes to Plaintiff that any and all documents produced by Plaintiff may be used against Plaintiff at any pretrial proceeding or at the trial of this matter without the necessity of authenticating the documents.

## V.   TEXAS RULE OF EVIDENCE 609(F) REQUEST

5.   Defendant requests that Plaintiff, pursuant to Texas Rules of Evidence 609(f), give Defendant sufficient advanced written notice of Plaintiff's intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## VI.   JURY DEMAND

6.     Defendant demands a trial by jury and tenders the applicable jury fee with its

Answer.

## VII.   RELIEF REQUESTED

7.     Defendant FAMILY DOLLAR STORES OF TEXAS, LLC prays that:

a.     Plaintiff take nothing by this lawsuit;

b.     Defendant go hence with its costs (i.e., its costs be taxed against Plaintiff)

without delay; and

c.     for such other and further relief, both general and special, at law and in

equity, to which Defendant may show itself justly entitled.


Respectfully submitted,

**MAYER LLP**
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
713.487.2000 / Fax 713.487.2019

By:  /s/ Kevin Riley
     Kevin P. Riley
     State Bar No. 16929100
     Southern District of Texas No. 13776
     kriley@mayerllp.com

     Harry L. Laxton Jr.
     Texas State Bar No. 12061762
     New York Registration No. 5447776
     Southern District of Texas No. 906711
     hlaxton@mayerllp.com

**ATTORNEYS FOR DEFENDANT**
**FAMILY DOLLAR STORES OF TEXAS, LLC**

## CERTIFICATE OF SERVICE

On April 29, 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

John Papapavlou (SBN 24059061)
PM Law Firm
19333 Highway 59, N., Ste. 1960
Humble, Texas 77338
281.968.9529 / F: 281.520.424
john@pmtxlaw.com

**ATTORNEY FOR PLAINTIFF**

☐E-Mail (to email address shown to the left)
☐Hand Delivery
☐Facsimile
☐Overnight Mail
☐Regular, First Class Mail
☒E-File/Serve
☐Certified Mail/Return Receipt Requested

_/s/ Kevin P. Riley_
Kevin P. Riley

# EXHIBIT 3

*( State Court Docket Sheet)*

**HCDistrictclerk.com**     HARDY, STORMI vs. FAMILY DOLLAR STORES OF       5/5/2021
                             TEXAS LLC
                             Cause: 202118078      CDI: 7     Court: 080

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 95572688 | DEFENDANT FAMILY DOLLAR STORES OF TEXAS LLCS ORIGINAL ANSWER | | 04/29/2021 | 6 |
| 95228453 | Affidavit Of Service- Family Dollar Stores Of Texas | | 04/09/2021 | 1 |
| 95033215 | Plaintiffs Original Petition | | 03/29/2021 | 7 |
| ·> 95033216 | Request for Issuance of Service | | 03/29/2021 | 1 |
| 95040390 | eIssue: Citation | | 03/29/2021 | 3 |

# EXHIBIT 4

*(List of All Counsel of Record)*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STORMI HARDY, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. __:___-cv-____ |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, | § | JURY TRIAL DEMANDED |
| LLC, | § | |
| *Defendant*. | § | |

## COUNSEL OF RECORD AND INFORMATION PURSUANT TO LOCAL RULE CV-81(C)

(1)     A list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (pending, dismissed);

> **Plaintiff**      Stormi Hardy
>
> **Defendant**      Family Dollar Stores of Texas, LLC
>
> The removed case is currently pending.

(2)     A civil cover sheet and a certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g. complaints, amended complaints, supplemental complaints, counterclaims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

> See attached civil cover sheet and documents attached to Defendant's Notice of Removal as ***Exhibit "A".***

 (3)     A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

| | |
|---|---|
| **PM LAW FIRM**<br>John Papapavlou<br>State Bar No.: 24059061<br>Porya Mostaghimi<br>State Bar No.:  24065797<br>19333 Highway 59, N., Ste. 1960<br>Humble, Texas 77338<br>281.968.9529 / F: 281.520.424<br>john@pmtxlaw.com<br><br>***Counsel for Plaintiff***<br>**Stormi Hardy** | **MAYER LLP**<br>Kevin P. Riley<br>State Bar No. 16929100<br>Southern Bar No. 13776<br>Email: kriley@mayerllp.com<br>Harry L. Laxton<br>State Bar No. 12061762<br>Southern Bar No. 906711<br>Email: hlaxton@mayerllp.com<br>4400 Post Oak Parkway, Suite 1980<br>Houston, Texas 77027<br>713.487.2000/713.487.2019 – fax<br><br>***Counsel for Defendant***<br>**FAMILY DOLLAR STORES OF TEXAS, LLC** |

(4)      A record of which parties have requested a trial by jury (this information is in addition to placing the word "jury" at the top of the Notice of Removal immediately below the case number);

Defendant, Family Dollar Stores of Texas, LLC has requested a trial by jury.

(5)      The name and address of the court from which the case is being removed.

Harris County District Court
Honorable Jeralynn Manor
201 Caroline 9th Floor
Houston, Texas 77002
T: 832.927.2680